against Faulkner. Mr. Greenberg. Good afternoon, or good morning, I guess. I think it's still morning. I just unchecked. Your Honors, this is a situation where it's a little bit of an unusual double jeopardy situation. Joseph Faulkner was arrested in 2011 and prosecuted for selling drugs. He was initially charged with four separate transactions, ultimately pled to what are commonly known as phone counts or using a communication device. But at his sentencing, the government presented evidence in an effort to increase his sentence over the recommender or advisory guideline range. And they presented evidence that he had a long history of both drug dealing and being a gang chief, for lack of a better term. And they presented that evidence that it had gone on through the date of his arrest. So there doesn't seem to be any question that relevant conduct looks at that. But the case I need you to talk about is Witte against United States. Because number one, the court certainly says that doesn't violate the double jeopardy clause. And I'm having trouble finding in the law any change that the Booker, et cetera, et cetera, line of cases made to that rule. I don't see where it is different. Well, the difference between Mr. Faulkner's situation and Mr. Witte's, this is much closer to what this court addressed in Calabrese and Marcello. Because here, the same conduct is being used. It's being charged and used and charged again. And what I mean by that is... Isn't that what happened in Witte? Prosecution for conduct that the judge had already taken into account for sentencing. But Witte was a marijuana offense. And then they used his cocaine dealing. It's all controlled substances though. It's the same statute. Well, it was the same statute, but it was different conduct. So they used his cocaine dealing, which was separate and apart from his marijuana dealing. Why does that matter? That matters because here, they've pled in the indictment, in the present indictment that's before this court, they have pled heroin dealing. They charged Mr. Faulkner with that same heroin dealing, prosecuted him for it, and punished him for it. However you want to characterize it, you can say it was the actual crime he was convicted of because of the phone calls. You can say that it was the relevant conduct, or the 3553 factors that they used. But it was the same conduct. Whereas in Witte, it's different conduct. But if you have folded it into the first case, you know, then to charge him, charge again in the second case would seem to be the double jeopardy theory. And that's what the court says is not a double jeopardy problem. Sentencing factors are simply assessments of how severe a sentence or light a sentence one should have. And so whether it's marijuana and cocaine, or whether it's heroin, heroin, I don't see where the court draws that line. Because it's not just, it wasn't just used as relevant conduct in the first case. So they charge him with the heroin dealing. And then he pled to the phone calls in connection with that heroin dealing. So that's a different charge. I mean, that's certainly, you know, under a Blockburger kind of analysis, the phone business is different. If you want to be super narrow on it, but it's, if you make a phone call to sell heroin, and then later on, they charge you with the sale of that same heroin that you arranged in the phone call, jeopardy should apply in that situation. Are you sure jeopardy applies? Jeopardy should apply. It should apply in that situation, because otherwise they could piecemeal a crime. So they could, they could say that we're going to charge you with, to make it a robbery. And then we're going to charge you with separately, if you beat the robbery with having a gun on your person as a felon, even though the robbery was an armed robbery. We're just not going to put the gun there. Mr. Greenberg, how, how is this situation meaningfully different from a district court's use of recidivism enhancements, which you have conceded are proper? If your argument is really that the same offense is being, is being charged twice, why is your It's, it was directed towards the plea and sentence. The way we phrase it, the way I see it, is they let him plead to a narrow charge, but then they expanded that conduct, its sentencing. It's still related to the original charge. So under your interpretation, could a defendant effectively insulate all prior bad acts from future prosecution by directing the court's attention to those bad acts when the court is applying the 3553 factors at a sentencing hearing on a separate charge? Well, I don't, I don't think a defendant can necessarily inject things into a proceeding so that he can insulate himself later on from being charged with those crimes. I think that's a different situation. It's interesting, in the present indictment, they specifically plead that Mr. Faulkner's acts only went to February of 2011, which is when he was arrested on the old case. So they've limited what they've alleged in the new case, at least his predicate acts, to that time. So wasn't he incarcerated at that point? He was incarcerated, but they brought up all of his prior conduct at the earlier sentencing and it's included in the plea agreement, it's related to the prior case. Counsel, let me ask, though, doesn't every sentencing judge have the full history, criminal history, with regard to the defendant before him or her? They do have a full criminal history, and that's proper, and we're talking, and... Then let me ask, was there an objection made by the defense to the PSR as to what was included as relevant conduct? In other words, was there an opportunity for the sentencing judge to hear this same argument and then be able to discern how she was going to factor in that criminal history with regard to the sentence? There was no second indictment at that point. At that point, there was only the original indictment, so there would be no reason to object because it was properly considered by the first court. The first court can consider the totality. Your Honor asked about recidivism, and recidivism is the court is considering offenses that you've been convicted of. So I think that's a little bit different than here, where the court is now going to try a case, and it's closer to the Calabrese situation, where it's a difference in the conduct charge. How great of a difference is there in the conduct charge? I think it's how the court put it in Calabrese when you decided that case. The question here is, there is no difference. We didn't even get to the prima facie situation in the trial court, where when you file a double jeopardy challenge, they're supposed to conduct some analysis and perhaps give you a hearing to show the overlap. We didn't even get to that point. But I think looking at the charging instrument, there can be no doubt that it is the same conduct that Mr. Faulkner was charged with, admitted to, and then was, just in more detail, used in his sentencing. What evidence is in the record that said that the district court wasn't fully appreciative of that, and didn't include that consideration in her sentence? I think she did include it all in her sentence, and that's why I'm now challenging it on double jeopardy grounds in a new prosecution. Is it the sentence or the prosecution? Do you think he's being subjected to successive prosecution for double jeopardy purposes, or successive punishment? I think he's being, well, so for double jeopardy purposes, it's the being put on trial a second time, which we're challenging. So it's the prosecution itself? It's this prosecution. It's the core double jeopardy argument? Yes. Okay. Yes. Thank you. All right, thank you very much. Mr. Driscoll. Good morning. May it please the court, counsel, Sean Driscoll for the United States. This court should affirm the district court's denial of defendant Joseph Faulkner's motion to dismiss the indictment on double jeopardy grounds for two reasons. First, the Supreme Court's decision in Blockberger and subsequent cases forecloses any argument that this is a successive prosecution in violation of the double jeopardy clause. And second, the Supreme Court's decision in Witte, as reaffirmed by the court's ruling in Booker, forecloses any argument by the defendant that his current prosecution is a successive punishment. So maybe in light of Mr. Greenberg's last comment, you should focus for a minute on Blockberger. Absolutely, Your Honor. Under the Blockberger analysis, we're looking to see whether the and convicted in 2011 are different from the elements of the crimes he's charged with now. Right. And we need the different one. We don't want it to just be a lesser-included offense. Absolutely, Your Honor. Absolutely. And when you look at the difference, both on the elements and even just the facts simply, it's very clear. He was charged with four substantive counts of selling drugs, one-on-one transaction, Mr. Faulkner, to a confidential source in 2011. That was split out to two using-a-telephone counts for a drug sale, which were those exact same four sales. Now he is charged with a RICO conspiracy, his role as the, I believe, second or third in command of the Imperial Insane Vice Lords over a period of 15 years in which it is alleged he sold one to three kilograms of heroin using dozens of intermediaries, juveniles to run his sales and insulate himself from that. Not to mention, aside from the RICO conspiracy being different, counts two and three are nowhere mentioned in 2011, not in the government's motion to increase the sentence, not by Judge Kendall in her sentencing. That was basically a murder for hire. It was charged as an assault with a deadly weapon currently, but the facts of that case, all of which have been given to Mr. Greenberg, are that Mr. Faulkner paid-offered to pay another individual to murder someone. At the last moment, that individual decided, as he claims, to just shoot the person in the legs and that person did not die. So those counts absolutely are separate. There's no claim. The only mention of firearms by Judge Kendall in her sentencing in the first case is in the context of 10-year previous sentences that Mr. Faulkner got, which involved a firearm and the government argued were not sufficiently reflected in the criminal history category. Mr. Driscoll, if the overlap is significant between the conduct that was considered under the Section 3553 factors in the prior offense and the conduct that's the focus of the current offense, would concurrent sentences be required in order to prevent double punishment in violation of the Double Jeopardy Clause? I'm not sure it would actually be required under the Double Jeopardy Clause in the way that Witte has read. It's actually quite a stark rule. It appears to be that if it was within the statutory range, that is the end of the matter for the Double Jeopardy Analysis. However, Your Honor, as the government said in the district court, and I said again here in my brief, that is absolutely something that would be a protection that Mr. Faulkner would get, both on the sentence and on his criminal history category. This prior conviction in 2011 would not increase his criminal history category, which would of course in turn increase his sentence, and he can argue that the prior sentence should run concurrently or partly concurrently with his current sentence. So the first is just a function of the advisory guidelines, right? Yes, Your Honor. And then the second is at least, as you say, an opportunity to argue, no guarantees. In light of the counts two and three, Your Honor, I think that's why it was not appropriate for the government at this time to say it would absolutely coincide, because those are totally different conduct. Unless there are any further questions from the court, for these reasons and the reasons outlined in the government's brief, the government respectfully requests that this court affirm. Oh, I do have one further question. Yes, Your Honor. Is there any possibility that statutory maxima could be exceeded by adding up the earlier sentence and the later sentence? I'm not sure I follow your question, Your Honor. I'm sorry. Well, I mean, if it really is this, quote, the same offense for double jeopardy purposes, punishment branch of the double jeopardy clause, you can find cases that say, you know, as long as, you know, Congress can decide to authorize whatever sentence it wants to authorize, but if Congress capped a particular offense and adding it on in a concurrent way were to exceed that cap, would that be a statutory limit? I see, Your Honor. I think, I don't know if that could be a problem in a case, but here it wouldn't be, simply because of the RICO charges and the drug and spirit life, exactly. But, yes, I could see a different case where it might have to be briefed on that, yes. Okay. Unless there are any further questions, the government asks that the court affirm. Thank you. Mr. Greenberg. Your Honors, I don't want to have such a narrow view. You know, the problem with this situation with double jeopardy and when the government charges you like this, is they can keep coming up with ways to charge somebody with an offense if we just look at, is it the exact same elements? Here, Mr. Faulkner has been punished for the crimes. And forget count two and some of the other counts. I'm talking about the RICO conspiracy. He's been punished for these crimes. And if that's not what the double jeopardy. But the RICO conspiracy is a much broader, I mean, you've got to have an enterprise. You have to have all sorts of things for RICO conspiracy. But they brought all that up at his sentencing. That he was in charge and he was running the same, it's the same drug spot. It's the same gang. It's the same role in the gang. So if we are going to just ignore all of that, then the double jeopardy clause means absolutely nothing. It means that the government can arrest you and prosecute you for individual acts. And then they can charge you and use those same acts and just call them something different. That's exactly what this court addressed in Calabrese and Marcello. Except that in that case, the scope of the involvement of the individuals, it encompassed the conduct they'd previously been prosecuted. And then they kept doing it. We don't have that here. Mr. Faulkner's been locked up in the federal penitentiary. And the indictment by its very terms limits itself to his, a fair reading of it, to his February 2011 conduct and previous to that. So the government, by their pleading, has said that's the limit of his involvement. It's a much, it's different than Witte where it's different drugs. It's the exact same offenses. They've just thrown him in with a larger group now and subject him to greater punishment. I don't make the charging decisions. I didn't decide in 2011 to proceed a certain way. They did, and they should have to live with that choice. All right, thank you very much. You were appointed, were you not, Mr. Greenberg? Yes. We thank you very much for your assistance to the court. Thank you. And to your client. Thanks as well to the government. We will take this case under advisement.